UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

CIVIL MINUTES – GENERAL

Case No. 8:23-cv-01422-FWS-DFM                                          Date: December 6, 2023
Title: Georgina Puglisi v. Hillstone Restaurant Group, Inc.

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiff:                         Attorneys Present for Defendants:

Not Present                                                              Not Present

**PROCEEDINGS:   (IN CHAMBERS) ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND REMANDING ACTION TO ORANGE COUNTY SUPERIOR COURT [10]**

Before the court is Plaintiff Georgina Puglisi's ("Plaintiff") Motion to Remand ("Motion" or "Mot."). (Dkt. 10.) The Motion is supported by the declaration of Plaintiff's counsel, Nicholas W. Hane ("Hane Decl."), and the exhibits attached thereto. (Dkt. 10-1.) On August 24, 2023, Defendant Hillstone Restaurant Group, Inc. ("Defendant Hillstone") filed an Opposition ("Opp."). (Dkt. 12.) On August 31, 2023, Plaintiff filed a Reply ("Reply"). (Dkt. 13.) On September 5, 2023, Defendant filed objections to evidence submitted with Plaintiff's Reply. (Dkts. 14, 15.) On September 14, 2023, the court held a hearing on the Motion and took the matter under submission. (Dkt. 17.) Based on the state of the record, as applied to the applicable law, the court **GRANTS** the Motion, **REMANDS** the action to Orange County Superior Court, and **ORDERS** that Plaintiff's fee motion, if any, be filed within **thirty (30) days** of this Order.[1]

---

[1] Defendant Hillstone objects to new evidence in the form of a supplemental declaration and additional exhibits submitted along with Plaintiff's Reply. (Dkts. 14, 15.) The court agrees that it is improper for a party to introduce new facts or arguments beyond those raised in the moving papers. *See Schwartz v. Upper Deck Co.*, 183 F.R.D. 672, 682 (S.D. Cal. 1999) ("It is well

---

**CIVIL MINUTES – GENERAL**                                                                                       1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-01422-FWS-DFM                                Date: December 6, 2023
Title: Georgina Puglisi v. Hillstone Restaurant Group, Inc.

**I.   Background**

Plaintiff initiated this action in Orange County Superior Court on August 6, 2020. (Dkt. 1-1 ("Compl.").) Plaintiff alleges she was employed by Defendant Hillstone as a restaurant server in March 2000 and worked for twenty years without any significant disciplinary action. (*Id.* ¶ 11.) Plaintiff alleges Mario Jaramillo, a manager at Defendant's restaurant in Newport Beach, California, favored younger female employees who were having sexual relationships with him. (*Id.* ¶ 13.) Plaintiff alleges she complained to a different manager about the sexual favoritism she observed but no action was taken to investigate Jaramillo's actions at that time. (*Id.*) In January 2020, Plaintiff was informed that she was being terminated as a result of a guest complaint. (*Id.* ¶ 14.)

Plaintiff alleges the true reason for her termination was her age and refusal to engage in a sexual relationship with Jaramillo because the most recent complaint in Plaintiff's personnel file was from four years ago. (*Id.*) Plaintiff further alleges her termination was pretextual because the guest complaint provided as the basis for her termination was from an unnamed individual and complained of the poor plating of food, which is not the responsibility of servers like Plaintiff. (*Id.*) Plaintiff alleges Steve Crompton, another manager at the restaurant, participated in the termination decision despite his knowledge of the true basis for the decision. (*Id.*)

Based on these allegations, Plaintiff asserts five causes of action for violations of the California Fair Employment and Housing Act ("FEHA"), California Government Code §§ 12900, *et seq*. and wrongful discharge. (*Id.* ¶¶ 17-62.) At the time Plaintiff initially filed the action in Orange County Superior Court, Jaramillo and Crompton were both named as Defendants. (*See generally id*.)

---

accepted that raising of new issues and submission of new facts in reply brief is improper."). As explained below, the court finds that the Motion should be granted regardless of the new evidence submitted on Reply and does not rely on this new evidence in its analysis.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-01422-FWS-DFM                               Date: December 6, 2023
Title: Georgina Puglisi v. Hillstone Restaurant Group, Inc.

    Defendant Hillstone removed this action on the basis of diversity jurisdiction under 28 U.S.C. § 1332 on August 4, 2023. (Dkt. 1.) At the time that Defendant Hillstone removed this action, the action had been litigated for approximately three years in Orange County Superior Court and was set to go to trial in six days. (Mot. at 1.) Defendant Crompton was previously dismissed from the case at summary judgment by the Orange County Superior Court. (*Id*.) Plaintiff then voluntarily dismissed Defendant Jaramillo on July 31, 2023, after purportedly completing a deposition that revealed Defendant Hillstone would have been strictly liable for Jaramillo's actions under FEHA. (*Id*. at 1-2.)

    Plaintiff moves to remand this action to state court on the grounds that Defendant Hillstone's removal is an attempt to delay a trial on the merits and "forum shop days before trial was set to begin." (*Id*. at 2.) Plaintiff also seeks $17,400 in attorney's fees incurred in filing the Motion on the ground that there was no good faith justification for Defendant's removal of the action on the eve of trial. (*Id.* at 13-14.)

### II. Legal Standard

    Federal courts are courts of limited jurisdiction with subject matter jurisdiction over only those suits authorized by the Constitution or Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Thus, when a suit originates in state court, a defendant may remove to federal court only when the suit could have been filed in federal court originally. 28 U.S.C. § 1441(a). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) (citing *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988)).

    To remove based on diversity jurisdiction, the defendant must demonstrate that: (1) the suit is between citizens of different states; and (2) the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. "Jurisdiction founded on 28 U.S.C. § 1332 requires that the parties be in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-01422-FWS-DFM                      Date: December 6, 2023
Title: Georgina Puglisi v. Hillstone Restaurant Group, Inc.

complete diversity and the amount in controversy exceed $75,000." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). Diversity jurisdiction "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996); *see also Kuntz v. Lamar Corp.*, 385 F.3d 1177, 1181 (9th Cir. 2004) ("For a case to qualify for federal jurisdiction under 28 U.S.C. § 1332(a), there must be complete diversity of citizenship between the parties opposed in interest."). A natural person's citizenship is determined by their state of domicile, which is that individual's "permanent home, where [they] resid[e] with the intention to remain or to which [they] inten[d] to return." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (citation omitted). However, "[i]n cases where entities rather than individuals are litigants, diversity jurisdiction depends on the form of the entity." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). A corporation is a citizen of (1) the state in which its principal place of business is located, and (2) the state in which it is incorporated. 28 U.S.C. § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010); *3123 SMB LLC v. Horn*, 880 F.3d 461, 468 (9th Cir. 2018).

       The defendant's burden of proof with respect to the amount in controversy varies according to the allegations in the complaint. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). "When a complaint . . . alleges on its face an amount in controversy sufficient to meet the federal jurisdictional threshold, such requirement is presumptively satisfied unless it appears to a 'legal certainty' that the plaintiff cannot actually recover that amount." *Id.* (quoting *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 389, 402 (9th Cir. 1996). But where "it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold." *Fritsch v. Swift Transp. Co. of Arizona, LLC*, 899 F.3d 785, 793 (9th Cir. 2018); *Sanchez*, 102 F.3d at 404 ("Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [$75,000].").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-01422-FWS-DFM                                                  Date: December 6, 2023
Title: Georgina Puglisi v. Hillstone Restaurant Group, Inc.

When assessing the amount in controversy, "the court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims in the complaint." *Campbell v. Vitran Express, Inc.*, 471 Fed. Appx. 646, 648 (9th Cir. 2012) (quoting *Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)).  However, "[t]he amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).  When the plaintiff contests the removing defendant's allegations, the court may consider "facts presented in the removal petition as well as any summary-judgement-type evidence relevant to the amount in controversy at the time of removal." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (internal quotation marks and citation omitted).

**III.   Discussion**

The parties dispute whether Defendant Hillstone's removal was timely pursuant to the "bad faith" exception to the removal statute.  Defendant Hillstone argues, in summary, that Plaintiff's inclusion of Jaramillo was done in bad faith because Plaintiff delayed in serving Jaramillo, conducted only limited discovery including a deposition that took less than two hours, and chose to dismiss Jaramillo on the eve of trial.  (Opp. at 15-20.)

Under 28 U.S.C. § 1446(c)(1), "[a] case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action."  28 U.S.C. § 1446(c)(1).  "Because 'the removing defendant has always borne the burden of establishing federal jurisdiction' . . .  the defendant bears the burden of proving that the plaintiff acted in bad faith." *Lindquist v. Target Corp.*, 2020 WL 789568, at *1 (N.D. Cal. Feb. 18, 2020) (quoting *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 682-83 (9th Cir. 2006)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-01422-FWS-DFM                              Date: December 6, 2023
Title: Georgina Puglisi v. Hillstone Restaurant Group, Inc.

The Ninth Circuit has not yet articulated a standard for evaluating "bad faith" under Section 1446(c)(1). *See Craig v. Universum Commc'ns, Inc.*, 2020 WL 4590597, at *4 (N.D. Cal. Aug. 11, 2020) ("Although the Ninth Circuit has not established an exact standard for determining bad faith under § 1446(c)(1), lower courts generally have found that it sets a high threshold.") (citation and internal quotation marks omitted); *Daligcon v. Bank of Am., N.A.*, 2021 WL 1329450, at *6 (D. Haw. Apr. 9, 2021) ("The Ninth Circuit has not articulated a standard for evaluating bad faith under § 1446(c)(1), but district courts in the Ninth Circuit have stated that defendants face a high burden to demonstrate that a plaintiff acted in bad faith to prevent removal.") (citation and internal quotation marks omitted).

In this District, "[i]n determining bad faith, courts have generally inquired whether the plaintiff engaged in strategic gamesmanship designed to keep the case in state court until the one-year deadline has expired." *Torres v. Honeywell, Inc.*, 2021 WL 259439, at *3 (C.D. Cal. Jan. 25, 2021). "As a part of that inquiry, courts have considered the timing of naming and dismissing the non-diverse defendant, the explanation given for dismissal, and whether the plaintiff actively litigated the case in 'any capacity' against a non-diverse defendant before dismissal." *Id*. "Determining whether a plaintiff has acted in bad faith to prevent removal necessarily involves looking into the plaintiff's subjective intent, as the text of section 1466(c)(1) strongly suggest[s] intentionality and purpose." *Kalfsbeek Charter v. FCA US, LLC*, 540 F. Supp. 3d 939, 943 (C.D. Cal. 2021) (citation and internal quotation marks omitted).

In this case, several factors weigh against a finding of bad faith. First, the record indicates that Plaintiff named Defendant Jaramillo as a party when the case was filed on August 6, 2020, and litigated against Jaramillo until she voluntarily dismissed him on July 31, 2023. (*See generally* Compl., Dkt. 1-8 (Plaintiff's Request for Dismissal).) Second, Plaintiff states her reason for dismissing Jaramillo on July 31, 2023, was that over the course of the litigation, Defendants contested whether Jaramillo had committed sexual acts in the workplace with subordinate employees. (Mot. at 12.) According to Plaintiff, Plaintiff learned in the June 28, 2023, deposition of Amy Sanchez, another restaurant manager, that Sanchez had seen

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-01422-FWS-DFM                                   Date: December 6, 2023
Title: Georgina Puglisi v. Hillstone Restaurant Group, Inc.

surveillance footage of Jaramillo engaging in sexual acts with a subordinate and had reported the issue to upper management.  (*Id*.)  Plaintiff deemed the Sanchez deposition to be conclusive evidence of Defendant Hillstone's strict liability for Jaramillo's alleged harassment under FEHA and thus made a tactical decision to dismiss Jaramillo based on this evidence to avoid the risk of potentially confusing jurors about liability and increasing the length of trial.  (*Id.* at 12-13.)  Third, Plaintiff states she actively litigated the case against Jaramillo, including by serving discovery requests and deposing Jaramillo on April 6, 2023.  (Mot. at 9; Hane Decl. ¶¶ 4-13.)

Based on the factors discussed above, the court concludes Defendant Hillstone, as the removing party, has not met its burden of demonstrating that Plaintiff acted in bad faith to prevent removal.  *See Craig*, 2020 WL 4590597, at *4; *Daligcon*, 2021 WL 1329450, at *6.  The record indicates that Plaintiff named Jaramillo in the Complaint as a defendant and the primary actor engaging in sexual harassment at her workplace, served discovery on Jaramillo and took his deposition, and made a tactical decision to dismiss him after obtaining evidence that, in Plaintiff's view, conclusively established Defendant Hillstone's liability.  Accordingly, the court concludes the record does not support that Plaintiff named Jaramillo in bad faith solely to prevent removal.  *See, e.g.*, *Heacock v. Rolling Frito-Lay Sales, LP*, 2016 WL 4009849, at *3 (W.D. Wash. July 27, 2016) ("In summary, this Court's review indicates that other district courts in this circuit have applied a strict standard and found bad faith when a plaintiff failed to actively litigate a claim against a defendant in any capacity.  Further, these decisions highlight that the timing of naming a non-diverse defendant, the timing of dismissal, and the explanation given for that dismissal are relevant to the bad faith inquiry.").  Therefore, because the bad faith exception is inapplicable to this case, the court concludes the removal was untimely and remand to the Superior Court is appropriate.  *See Kalfsbeek Charter*, 540 F. Supp. 3d at 945 (stating that because "[defendant] FCA has not overcome its burden of demonstrating plaintiff Kalfsbeek Charter acted in bad faith, particularly given the strong presumption against removal[,]" "[t]he removal of the case is thus barred by the one-year limitation on removal" and "[t]he motion to remand is therefore GRANTED."); *McCown v. Samsung SDI Co., Ltd.*, 2022 WL 17077492, at *6 (C.D. Cal. Nov. 17, 2022) (concluding that "because the Court finds Defendant has failed to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-01422-FWS-DFM                              Date: December 6, 2023
Title: Georgina Puglisi v. Hillstone Restaurant Group, Inc.

show that Plaintiff acted in bad faith to prevent removal, section 1446(c)(1)'s bad faith exception to the one-year limitation period does not apply" and "[t]herefore, Plaintiff's Motion to Remand is GRANTED."); *Anderson v. FCA US LLC*, 2021 WL 2822398, at *5 (C.D. Cal. July 6, 2021) (stating "[b]ecause [defendant] FCA has not met its high burden of demonstrating that [p]laintiff acted in bad faith, [defendant] FCA's removal was untimely" and "the Court GRANTS Plaintiff's motion to remand to the Superior Court."). Thus, the Motion is **GRANTED,** and the case is **REMANDED** to Orange County Superior Court.[2]

Finally, Plaintiff's counsel seeks attorney's fees under 28 U.S.C. § 1447(c) on the ground that Defendant Hillstone's removal was intended to delay the trial in this matter in Orange County Superior Court. (Mot. at 13-14.) Under Section 1447(c), attorney's fees are authorized as follows:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the

---

[2] Defendant Hillstone also argues Plaintiff named Defendant Crompton in bad faith because Crompton was a "sham defendant" who was not "involved with Plaintiff" and never "had anything to do with her allegations." (Opp. at 14.) In support of its argument that Crompton was also named in bad faith, Defendant Hillstone points to portions of Plaintiff's deposition during which she testified that she had little interaction with Crompton. (*Id*. at 13-14.) The court observes that Defendant Hillstone's arguments and evidence do not address the relevant factors for determining whether a party is named in bad faith. (*See generally* Opp.) Given that Defendant Hillstone does not sufficiently address the relevant factors, the court concludes that Defendant Hillstone has not met its burden of demonstrating that Plaintiff named Defendant Crompton in bad faith.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-01422-FWS-DFM                  Date: December 6, 2023
Title: Georgina Puglisi v. Hillstone Restaurant Group, Inc.

order of remand shall be mailed by the clerk to the clerk of the State court.  The State court may thereupon proceed with such case.

*Id.*

"Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005).  "Conversely, when an objectively reasonable basis exists, fees should be denied." *Id*.  "But removal is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008).

In this case, the court takes seriously Plaintiff's concern that Defendant Hillstone's removal occurred six days before trial was set to begin and nearly three years after the action was initiated.  (Mot. at 13.)  Plaintiff further argues that if Defendant Hillstone truly believed that Jaramillo had been named as a sham defendant, Hillstone should have removed the case within thirty days of Crompton being dismissed from the case on June 26, 2023, which left Jaramillo as the only other defendant.  (*Id*.)  In short, Plaintiff argues that at the latest, Defendant Hillstone should have removed the case within thirty days after Crompton's dismissal—or by July 26, 2023—and Hillstone's removal of the case on August 4, 2023, was intended to disrupt and delay trial.  (*Id*.)

Defendant Hillstone argues it had an objectively reasonable basis for removing the action because Plaintiff acted in bad faith by naming Jaramillo and "Hillstone acted in good faith in removing this case to federal court." (Opp. at 21.)

The court concludes that Defendant Hillstone does not sufficiently address Plaintiff's arguments regarding the timing of removal.  Specifically, although Defendant Hillstone argues monetary sanctions should not be imposed because Plaintiff acted in bad faith, Hillstone does not address why it failed to remove the case once Jaramillo was the only individual defendant

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-01422-FWS-DFM               Date: December 6, 2023
Title: Georgina Puglisi v. Hillstone Restaurant Group, Inc.

remaining if its position was that Jaramillo had been named in bad faith all along.  (*See generally* Opp.)  Nor does Defendant Hillstone sufficiently address the disruption that this removal, which occurred six days before trial, may have imposed on the Orange County Superior Court or the parties' trial preparation.  (*Id*.)

Accordingly, the court, in its discretion, concludes that at least some of Plaintiff's requested attorney's fees may be appropriate under Section 1447(c).  However, Plaintiff's counsel does not provide sufficient support for the fees and costs incurred in opposing removal, and instead requests a general sum of $17,400.00 in fees based on 23.2 anticipated hours of work at an hourly billing rate of $750.00.  (Hane Decl. ¶¶ 14-15.)  Because the record does not include billing statements or additional information supporting Plaintiff's counsel's requested hourly rate of $750.00, the court **ORDERS** Plaintiff to file a separate motion seeking fees under Section 1447(c), if any, within **thirty (30)** days of this Order.  Any request shall not include any fees or costs incurred in drafting the fee motion.

IV.   **Disposition**

For the reasons set forth above, the Motion is **GRANTED**, and the action is **REMANDED** to Orange County Superior Court.  Any fee motion filed by Plaintiff must be filed within **thirty (30)** days of this Order.

Initials of Deputy Clerk:  mku